822

**W. Hale THOMPSON, Administrator of the Estate of Miguel CAICEDO, Deceased**

v.

**Colombian Motor Vessel THE CIUDAD DE BOGOTA, etc., et al.**

No. 243.

United States District Court
E. D. Virginia,
Newport News Division.
Oct. 1, 1956.

J. L. Morewitz, Newport News, Va., Proctor for libellant.

Guilford D. Ware, and Hugh S. Meredith, Norfolk, Va., Proctors for respondents.

STERLING HUTCHESON, Chief Judge.

On April 13, 1955, the Colombian Motor Vessel "Ciudad De Bogota" collided with the Cubian Motor Vessel "Bahia De Matanzas" in the Atlantic Ocean off the Coast of North Carolina. As a result of the collision the decedent, Miguel Caicedo, a citizen of Colombia, South America, who was employed as a seaman abroad the "Ciudad De Bogota", was killed. While it is not so stated in the pleadings, it is conceded by proctors that the decedent was a resident of and domiciled in Colombia, South America, and his widow and heirs at law are residents of that country. It further appears from the statements of proctors that his body was brought to Newport News, Virginia, and from there returned to Colombia. On October 21, 1955, W. Hale Thompson was appointed Administrator of the Estate of the decedent and on October 28, 1955, he filed this action against both vessels, their owners and operators. On November 2, 1955, the Marshal filed his return unexecuted, from which it appears that neither the vessels nor the named respondents nor any effects thereof were found within the District. In January 1956 service of monition was accepted on behalf of the respondents. On February 23, 1956, exceptions to the jurisdiction of this Court

were filed by the respondents, asserting in substance that the vessels were owned and operated under foreign flags; that the dependents of libellant's decedent are citizens and residents of Colombia; that decedent was a citizen and resident of Colombia; that the collision occurred on the high seas beyond the jurisdiction of the United States; that neither vessel has been attached in this proceeding and that the respondents are foreign alien corporations.

It is also asserted that the qualification of the Administrator is void in that the decedent was a non-resident alien, leaving no assets nor estate within the State of Virginia. This last mentioned ground has not been urged in argument and I do not find it necessary to pass upon that ground of exception.

The respondents have offered to accept service of process in any action brought in Colombia, South America, to post security in the amount of $25,000 (being the amount posted to prevent attachment of the vessels) in any action which might be instituted in the courts of Colombia, South America, within one year from the entry of an order herein, and to refrain from pleading any statutes of limitation during that period of time.

In view of the fact that the collision occurred on the high seas, beyond the jurisdiction of the United States, between vessels flying foreign flags; that the decedent was a resident and domiciled in the Republic of Colombia under the flag of which nation the vessel upon which he was employed was operated; that the beneficiaries of the decedent are residents and domiciled in Colombia; and that none of the respondents are residents of this District, it is my opinion that the case should be retained upon the docket of this Court for one year without further action, upon condition that the respondents comply with their offer to post a bond or stipulation in this case to the effect that they will appear, file security in the amount of $25,000 and submit to the jurisdiction of the Court in any action which might be instituted in the courts of Colombia, South America, within one year from the entry of the order herein, and that said respondents will not plead any statutes of limitation during that period of time.

It is suggested that proctors for the respondents prepare and submit to proctors for the libellant draft of proposed order carrying into effect the views here expressed.